IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ROBERT W. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ONONDAGA COUNTY SHERIFFS DEPARTMENT,<br><br>　　　　Defendant. | Civil No. 24-00368 MWJS-RT<br><br>ORDER DISMISSING COMPLAINT AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT |

**ORDER DISMISSING COMPLAINT AND DENYING
APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT**

　　On August 26, 2024, pro se Plaintiff Robert W. Johnson filed a civil rights suit against Defendant Onondaga County Sheriffs Department.  ECF No. 1.  Johnson also applied to proceed in forma pauperis (IFP), that is, without prepayment of fees or security.  ECF No. 2.  In considering such an application, the Court must ensure, among other things, that the complaint states a claim upon which relief could be granted.

　　Because the complaint fails to state a plausible claim for relief against Defendant, the Court DISMISSES the complaint and DENIES the IFP application as moot.  Johnson is granted leave to amend the complaint and to file a new IFP application, but must do so by October 30, 2024.

## DISCUSSION

A.     **Screening of Johnson's Complaint**

1.  Johnson asks to proceed in forma pauperis, and so the Court must screen his complaint.  *See* 28 U.S.C. § 1915(e).  Because he is proceeding pro se, the Court liberally construes his pleadings.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Nonetheless, the Court is required to dismiss claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Dismissal is required here because the complaint fails to state a claim for relief.  In evaluating whether a complaint fails to state a claim for screening purposes, courts generally apply the pleading standards in Rule 8 of the Federal Rules of Civil Procedure.  *See Watison*, 668 F.3d at 1112; *Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013).  Under Rule 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To show an entitlement to relief, however, it is not enough for a complaint to allege "labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

Even liberally construed, Johnson's complaint falls far short of this standard. It contains minimal factual allegations, and those it does contain are not comprehensible. Johnson checked a box on his civil rights complaint form indicating that he is suing under 42 U.S.C. § 1983. ECF No. 1, at PageID.3. He indicates that he is asserting claims for "discrimination[], civil rights violations and due process violations." *Id.* But the only factual allegations he has provided for these claims are that he was denied access to use of a computer lab. *Id.* at PageID.4 ("ROBERT JOHNSON WAS DISCRIMINATED AGAINST AND DENIED RIGHTS TO USE COMPUTER LAB DUE TO HIS FINANCIAL STATUS, ALLEGED CRIMINAL HISTORY, RETALIATION AND DISABILITY."); *see also id.* at PageID.7 ("ROBERT JOHNSON WAS DISCRIMINATED AGAINST FOR USING COMPUTER LAB DUE TO HIS RACE, SEX, ALLEGED CRIMINAL HISTORY, RELIGION, DISABILITY, FINANCIAL STATUS, RETALIATION AND NATIONALITY."). The factual basis for Johnson's asserted § 1983 claim is not clear.

Accordingly, because it lacks sufficient factual allegations to state a claim against Defendant, the complaint is DISMISSED without prejudice.

2. Should Johnson elect to file an amended complaint, he should keep the following § 1983 standards in mind. Suits against a county office or agency are to be treated as a suit against the county itself. *Hartford v. Ferguson*, No. 23-cv-

05364, 2023 WL 3983744, at *2 (W.D. Wash. June 13, 2023) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).  Civil rights suits can be brought against a county under § 1983, but only in discrete circumstances.  *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).  First, a county can be liable when it or a person with final policymaking authority within the municipality expressly enacts or authorizes a policy respecting a challenged action, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83 (1986), including by ratifying a subordinate's conduct and the basis for it, *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066-67 (9th Cir. 2013).  Second, a county can be liable for a custom that, although not expressly enacted, is "so permanent and well settled" that it operates with the force of law.  *Monell*, 436 U.S. at 691.  Third, a county can be liable for failing to train its employees when such failure amounts to deliberate indifference toward the rights of its inhabitants.  *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989).  Under any theory, a plaintiff must also allege that a policy, custom, or failure to train actually caused a county employee to commit the constitutional deprivation.  *Id.* at 391; *Monell*, 436 U.S. at 694.  A county cannot be held liable "solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."  *Monell*, 436 U.S. at 691 (emphases omitted).

Should Johnson believe that he can satisfy these standards, he should also consider whether the District of Hawaiʻi is the proper venue for his claims. In general, a civil action should be brought in a district in which a defendant resides, or "in which a substantial part of the events . . . giving rise to the claim occurred"; only if there is no district that fits either of these categories may a civil action be brought in any district in which the defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b). Although the factual basis for Johnson's claims is not clearly discernable, the defendant is the Onondaga County Sheriffs Department and the complaint indicates that the claims arise from events occurring in Onondaga County—which is located in the state of New York. As such, the District of Hawaiʻi does not appear to be a proper venue for this suit.

3. Although the Court dismisses the complaint, it recognizes that Johnson is proceeding pro se and could possibly cure the deficiencies by amending the complaint. Accordingly, the Court dismisses the complaint without prejudice and grants Johnson leave to amend. *See Watison*, 668 F.3d at 1117.

Any amended complaint—which should be titled "First Amended Complaint"—must be filed by October 30, 2024, and it must cure the deficiencies identified in this order. In other words, it must allege facts that make out a plausible claim for relief. In addition, the amended complaint must be rewritten in its entirety and may not incorporate any part of the original complaint by reference.

5

Johnson is cautioned that failure to timely file an amended complaint that addresses the identified deficiencies will result in the automatic dismissal of this action.

> B. **Johnson's In Forma Pauperis Application**

Because the complaint fails to state a claim, the Court DENIES Johnson's IFP application as moot and does not decide the application's sufficiency. If Johnson chooses to file an amended complaint, however, he should submit an updated IFP application that explains his income, assets, expenses, and debts with particularity.

Under the in forma pauperis statute, federal courts may authorize the commencement of suit without prepayment of fees or security by a person who submits an affidavit demonstrating an inability to pay. 28 U.S.C. § 1915(a)(1). An applicant need not demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), but they must "allege poverty with some particularity, definiteness and certainty," *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (cleaned up). An application is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339).

In his current application, Johnson represents that he has no income, assets, expenses, or debts of any kind. ECF No. 2, at PageID.11-12. Although his IFP

application is denied as moot, if Johnson files an amended complaint, he should submit an updated IFP application. If Johnson still has no income, assets, expenses, or debts, he should explain in his application how he secures the necessities of life, including food, housing, transportation, and utilities.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES Johnson's complaint and DENIES Johnson's IFP application as moot.

If Johnson elects to file an amended complaint, he must comply with the following requirements:

(1) Johnson's deadline to file an amended complaint is October 30, 2024;

(2) Johnson's amended complaint should be titled "First Amended Complaint";

(3) Johnson's amended complaint should cure the deficiencies identified above; and

(4) Johnson should submit a new Application to Proceed in District Court Without Prepaying Fees or Costs, or submit the filing fees associated with this action.

Failure to timely file an amended complaint that conforms with this Order will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED: September 30, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 24-00368 MWJS-RT; *Robert W. Johnson v. Onondaga County Sheriffs Department*; ORDER DISMISSING COMPLAINT AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT